UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO VELASQUEZ,

                          Plaintiff,

          -against-

ANTOJITOS DEL MANGU 3RD AVE
RESTAURANT CORP., a New York
corporation, d/b/a/ ANTOJITOS DEL
MANGU, and JEFFERSON/3531 LLC,

                          Defendants.

Case No. 1:25-cv-01648 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff filed his complaint on February 26, 2025.  Dkt. 1.  On April 24, 2025, Plaintiff confirmed that he had successfully served Defendants.  Dkts. 8-9.  Defendants' deadline to answer or otherwise reply to the complaint was May 7, 2025.  That deadline — and the several revised deadlines this Court granted at Plaintiff's request — has long since passed.  *See* Dkt. 10 (pushing deadline to May 23); Dkt. 13 (pushing deadline to August 19); Dkt. 15 (pushing deadline to September 2); Dkt. 18 (pushing deadline to October 31).  On November 5, 2025, given Defendants' then six-month delay in responding to the complaint, the Court instructed Plaintiff to file a motion for default judgment, if any, by November 19, 2025.  Dkt. 19.  In so doing, the Court denied Plaintiff's third request to extend Defendants' response deadline by 45 days.  *See* Dkts. 12, 17, 20.  On November 19, 2025, rather than seek default, Plaintiff once again asked this Court to extend Defendants' deadline to respond.  Dkt. 22.  The Court denied Plaintiff's request and instead extended Plaintiff's deadline to file a motion for default judgment to December 20, 2025.  Dkt. 23.  Plaintiff was warned that failure to do so would result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).  *Id.* at 2; *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.

1

2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

Plaintiff's deadline has come and gone, and no motion has been filed. Accordingly, the Court now considers the factors guiding a Rule 41(b) dismissal:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F. 3d 52, 63 (2d Cir. 2000). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Here the second, third, fourth, and fifth factors weigh in favor of dismissal. First, Plaintiff was on notice that his failure to prosecute his case would result in dismissal. *See* Dkt. 23. Second, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Third, "[t]he Court's interest in managing its docket outweighs Plaintiff's interest in receiving further chances to be heard given [his] repeated failure to move this case forward," and insistence on further delays. *Miliano v. Best Care Inc.*, No. 24-cv-06641 (JMA) (SIL), 2025 WL 1411245 (E.D.N.Y. May 15, 2025); *see also Lyell*, 682 F.2d at 42-43 (observing that "a pattern of dilatory tactics" such as "repeated requests for continuances" can "warrant dismissal after merely a matter of months"). Fourth, the Court has considered a lesser sanction than dismissal with prejudice and finds that dismissal without prejudice is appropriate here.

2

Thus, having weighed the required factors, the Court concludes that dismissal without prejudice is warranted.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  December 23, 2025
        New York, New York

_____

JENNIFER L. ROCHON
United States District Judge